## MANN vs. THE STATE use of THOMAS.

1811.
DEC. (E. S.)

Mann
vs
The State

APPEAL from *Kent* County Court. Debt on bond, dated the 10th of April 1802, executed to the state by the defendant, (now appellee,) as administratrix *de bonis non* of *Ann Smith*, deceased. The writ issued on the 26th of February 1803. The defendant pleaded general performance. The replication set forth that *Ann Smith*, deceased, by her will bequeathed to her granddaughter, *Elizabeth Woodall*, now *Elizabeth Thomas*, (at whose instance and for whose use the original writ in this cause is endorsed,) the sum of £30, to be paid to her at her day of marriage. That *Ann Smith* appointed *George Vansant Mann*, since also deceased, her executor; and after his death letters of administration *de bonis non*, with the will annexed, were granted on the 10th of April 1802, to the defendant. That assets came to the hands and possession of *G. V. Mann*, the executor, in his life-time, and to the hands and possession of the defendant, the administratrix *de bonis non*, sufficient to pay and satisfy as well the debts of *Anne Smith*, as also all the legacies bequeathed by her will. That *Elizabeth Woodall*, the granddaughter of *Ann Smith*, and legatee aforesaid, afterwards intermarried with *William Thomas*, since deceased; and that the said legacy bequeathed to her as aforesaid, or any part thereof, not having been paid and satisfied, either to the said *Elizabeth*, whilst she was sole, or to *William Thomas* in his life-time, after their intermarriage, or to either of them, became due and payable to the said *Elizabeth Thomas*. The defendant rejoined to the replication, that the original writ in this cause was sued forth before the end or expiration of twelve months from the date of the letters of administration of the defendant. To this rejoinder there was a demurrer, which the court ruled good, and the defendant was ordered to answer over. The defendant then rejoined payment of the legacy; and also that no assets came to her hands; upon which issues were joined

At the trial the plaintiff produced the will of *Ann Smith* dated in 1775, whereby amongst other things she bequeathed to her granddaughter, *Elizabeth Woodall*, £30, to be paid to her at her day of marriage, and she appointed *George V. Mann* her executor, and made him residuary

In an action on an administration bond executed by an administrator D. B. N. brought to recover a legacy, the defendant rejoined, that the writ issued before the expiration of 12 months from the date of her letters of administration. A demurrer thereto was ruled good.

A. S. by her will in 1775, bequeathed a legacy to E. W. to be paid to her on her day of marriage, and made G. M. her residuary legatee and executor, who returned an inventory in 1776, and settled an account with the orphans court, leaving a large balance due to the estate. After his death letters of administration D. B. N. were granted to A. M, who returned no inventory, nor settled any account, but it was proved that some negro slaves included in the inventory returned by G. M, after his death came to the hands of A. M. On an action brought against A. M on her administration bond to recover the legacy bequeathed to E W—Held, that she may was sufficient to support the issue joined on the part of the plaintiff to the rejoinder of no assets.

1811.

The State
vs
Mann.

legatee. The plaintiff also produced the letters testamentary granted to *George V. Mann* on the said estate, together with the inventory returned in 1776, amounting to £525 10 4, and proved by witnesses that sundry negroes, included in the inventory, were in the hands of *Mann* at the time of his death, and that said negroes are now in the hands and possession of the defendant. The defendant then produced the testamentary bond on the estate of *Ann Smith*, given by *Mann*, dated the 1st of March 1776. Also an account passed on the estate of *Ann Smith* by *Mann*, leaving a balance due the estate of £553 0 8. And proved by the register of wills, that no other account appeared in his office. She also proved by the register of wills, that no inventory was returned by her on the estate of *Ann Smith*; and that *George V. Mann* died in 1802. She then prayed the court to 'direct the jury, that the testimony produced was not sufficient to support the last issue joined in this cause. But the Court, [*Worrell*, A. J.] refused to give such instruction. The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant appealed to this court.

The cause was argued before POLK, NICHOLSON, and JOHNSON, J, by

*Barroll* and *Carmichael*, for the Appellant; and by *James Scott* and *Houston*, for the Appellee,

JUDGMENT AFFIRMED.

---

DEC. (E. S.)

A S by her will bequeathed to A W a legacy to be paid to her at her day of marriage; but if she died without lawful issue of her body, then the legacy was to fall over and be paid to E W. A W afterwards married G J, since deceased, and A W is also since deceased, intestate, and without issue—— *Held*, that the legacy vested in A W, and that the limitation over was void

THE STATE use of THOMAS vs. MANN.

APPEAL from *Kent* County Court. This action was similar to the preceding, and on the same bond. The replication to the plea of general performance stated, that *Ann Smith*, by her will bequeathed to her granddaughter *Ann Woodall*, (who is since deceased,) the sum of £30, to be paid to her at her day of marriage; but if she should die without lawful issue of her body, that then and in such case the testatrix did bequeath, order and direct, that the legacy aforesaid should fall over and be paid to the said *Ann Woodall's* sister, a certain *Elizabeth Woodall*, now *Elizabeth Thomas*, at whose instance and for whose use this action was brought. That *Ann Smith* appointed *George*